FILED
CLERK, U.S. DISTRICT COURT
12/17/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: VM DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>SEAN WOFFORD,<br>  aka "dweb sean,"<br><br>              Defendant. | CR 2:21-cr-00582-WU<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(C): Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearms in Furtherance of a Drug Trafficking Crime; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
|---|---|

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about October 20, 2020, in Los Angeles County, within the Central District of California, in a car, defendant SEAN WOFFORD, also known as "dweb sean," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 281.1 grams, of methamphetamine, a Schedule II controlled substance.

```
 1                              COUNT TWO
 2                    [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]
 3        On or about October 20, 2020, in Los Angeles County, within the
 4   Central District of California, in a car, defendant SEAN WOFFORD,
 5   also known as "dweb sean," knowingly and intentionally possessed with
 6   intent to distribute cocaine, a Schedule II narcotic drug controlled
 7   substance.
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about October 20, 2020, in Los Angeles County, within the Central District of California, in a residence, defendant SEAN WOFFORD, also known as "dweb sean," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 1.15 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about October 20, 2020, in Los Angeles County, within the Central District of California, in a residence, defendant SEAN WOFFORD, also known as "dweb sean," knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about October 20, 2020, in Los Angeles County, within the Central District of California, in a residence, defendant SEAN WOFFORD, also known as "dweb sean," knowingly and intentionally possessed with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SIX

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about October 20, 2020, in Los Angeles County, within the Central District of California, defendant SEAN WOFFORD, also known as "dweb sean," knowingly possessed firearms, namely, a Spike's Tactical, model ST15, .223 caliber semi-automatic rifle, bearing serial number RM-32370; a .223 caliber semi-automatic rifle, with an unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"); a Glock, model 17, 9mm semi-automatic pistol, bearing serial number TKA678; and a Polymer 80, 9mm semi-automatic pistol, bearing no serial number (commonly referred to as a "ghost gun"), in furtherance of drug trafficking crimes, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(a)(viii), as charged in Count Three of this Indictment, possession with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Four of this Indictment, and possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Five of this Indictment.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One, Two, Three, Four, or Five of this Indictment.

2.   If so convicted, the defendant shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b)   All right, title, and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), if so convicted, defendant shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located

upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction on Count Six of this Indictment.

2. If so convicted, the defendant shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm involved in or used in such offense, including but not limited to the following:

(i) one Spike's Tactical, model ST15, .223 caliber semi-automatic rifle, bearing serial number RM-32370;

(ii) one .223 caliber semi-automatic rifle, with an unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun");

(iii) one Glock, model 17, 9mm semi-automatic pistol, bearing serial number TKA678; and

(iv) one Polymer 80, 9mm semi-automatic pistol, bearing no serial number (commonly referred to as a "ghost gun"), and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to

the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

SUSAN S. HAR
Assistant United States Attorney
Public Corruption and Civil Rights Section